## CLEMENT v. FIRST NAT. BANK OF PARIS. (No. 2630.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 20, 1922. Rehearing Denied Nov. 30, 1922.)

Appeal and error ⟨⟩745—Assignments not filed in trial court not considered on appeal.

Assignments of error not filed in the trial court will not be considered on appeal.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Suit by Mrs. Mae Newton Clement against the First National Bank of Paris, Tex. Judgment for defendant, and plaintiff appeals. Affirmed.

The appellant filed the suit asking for a writ of injunction restraining the sale under execution of certain property, upon the grounds that a portion of the property was her separate property and the other portion was homestead and exempt from sale. The trial court made the following finding of fact:

"First. W. R. Clement owned the property in controversy at the time of his marriage to the plaintiff, May N. Clement, in 1909. In 1911 he and his wife moved upon the property and the entire property took the homestead character.

"Second. At the time the property was designated as a homestead in 1911 it was (and is now) within the business district of the city of Paris, and was of the value of $175 per front foot, or the total value of $8,400, exclusive of the improvements, the cost of the improvements being $6,000. The property had a frontage on Main street of 48 feet.

"Third. On May 25, 1917, W. R. Clement conveyed as a gift to his wife a portion off the south side of the property 27 feet wide by 108 feet deep, leaving in his own name the balance of the property 21 feet wide by 75 feet deep. Clement and his wife continued the use of the whole property as their homestead until his death in 1919, and his wife continued after his death until the present time to occupy it as her homestead. The present value of the land, exclusive of improvements, is $175 per front foot, and the present improvements of the value of $9,000.

"Fourth. At the time Clement conveyed the portion to his wife he was indebted to the First National Bank of Paris in approximately the sum of $300. He owned no property other than this homestead and owed no debt other than the one to the said bank. Before his death he devised by will the entire property to his wife (the plaintiff), and the will has been duly probated.

"Fifth. On February 2, 1921, the bank reduced to judgment in the county court of Lamar county its claim against Clement in the sum of $920, and subsequently had execution issued upon the judgment and levy made upon the entire property referred to above. A portion of the claim of the bank was the money owing to it by Clement referred to above, and the balance was for other moneys loaned to Clement by the bank after the date of the conveyance to his wife by Clement referred to above.

"Sixth. After the conveyance in 1917 by Clement to his wife they used said property as their homestead together with the portion of the property retained by Clement. The indebtedness upon which the judgment was rendered was a community debt or indebtedness of Clement and his wife.

"Under the above facts I conclude as a legal result as follows:

"First. When the homestead designation was made by Clement and his wife, there was a value of $3,400 in the homestead, exclusive of the improvements, above the constitutional limit of $5,000, as exempt, which excess value was liable for the debts of W. R. Clement.

"Second. The excess value figured a front foot value of $70 on the entire 48-foot frontage, and I think the 21-foot frontage owned by Clement at his death has a proportionate liability of $70 per foot, or a total liability of $1,470.

"Third. I think the legality of the conveyance by Clement to his wife of the 27 feet of the land depends upon whether the excess in the remaining 21 feet was amply sufficient to pay whatever debts he owed at the time of his conveyance. I think creditors could follow the excess value on that 27 feet, which was approximately $1,890, if the debts of Clement could not be paid from the 21 feet."

Upon the findings of fact the court entered a judgment in favor of the appellee, directing that the excess value of the property having a frontage of 21 feet on Main street be sold under such execution, and the proceeds therefrom to the amount of the excess value be applied in satisfaction of the judgment, any balance remaining therefrom to be paid over to the said Mae Newton Clement, the plaintiff below. But the judgment further adjudges that, if the sale of the excess value of said 21-foot frontage should not produce sufficient money to satisfy said judgment, then the balance of the excess value of said property having a frontage of 27 feet on Main street shall be sold under said execution, and the proceeds from the amount of the excess value shall be applied to the payment of such unpaid balance of said judgment.

Lattimore & Birmingham and W. L. Willie, all of Paris, for appellant.

Long & Wortham, of Paris, for appellee.

LEVY, J. (after stating the facts as above). The first assigned error is that the court erred in not sustaining a special exception to paragraph 5 of the defendant's amended original answer. The point made is that only conclusions, and not facts, are stated in the pleading. There was no error, we conclude, in the ruling of the court.

The second and third assignments of error are based on the admissibility of certain evi-

dence. As the bills appear in the record qualified by the statement of the trial court, no reversible error is presented; and the assignments should be, we conclude, overruled.

The fourth assignment is termed fundamental error, and is based on the admissibility of evidence. As presented, the assignment is overruled.

The fifth assignment of error complains of the fourth paragraph of the court's findings of fact. There is competent evidence in the record to support the finding of fact.

Objection is made by appellee, and we think the objection should be sustained, to the consideration of any other assignments, upon the ground that these above assignments are the only assignments filed in the trial court.

The judgment is affirmed.